UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| APARNA VASHISHT-ROTA, an individual, | Case No.: 20-CV-321 JLS (KSC) |
|---|---|
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| HOWELL MANAGEMENT SERVICES, a Utah limited liability company; CHRIS HOWELL, an individual; and JUSTIN SPENCER, an individual, | (ECF No. 48) |
| Defendants. | |

Presently before the Court is Plaintiff Dr. Aparna Vashisht-Rota's Motion [for] Leave to File Second Amended Complaint ("Mot.," ECF No. 48). Plaintiff failed to call chambers to obtain a hearing date prior to filing the Motion, as is required under Civil Local Rule 7.1(b). Although the Court would generally set a hearing date and briefing schedule, the Court determines that further briefing is not necessary.

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend her complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts generally grant leave to amend absent a showing of "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Rule 15(a) 'is to be applied with extreme liberality,' and whether to permit amendment is a decision 'entrusted to the sound discretion of the trial court.'" *EFG Bank AG, Cayman Branch v. Transam. Life Ins. Co.*, No. 216CV08104CASGJSX, 2019 WL 5784739, at *3 (C.D. Cal. Nov. 4, 2019) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982)).

Here, Plaintiff seeks leave to add four causes of action for (1) theft by false pretenses in violation of California Penal Code § 532; (2) fraud by wire, radio, or television in violation of section 1343 of Title 18 of the United States Code; (3) defamation pursuant to California Civil Code § 44; and (4) pandering in violation of California Penal Code § 266i. *See generally* ECF No. 48-1. With the exception of the defamation claim, the Court concludes that the proposed amendments are futile because "[a] private party cannot make a claim for violation of a criminal statute." *See Harbord v. MTC Fin. Inc.*, No. 20-5080 RJB, 2020 WL 2541989, at *4 (W.D. Wash. May 19, 2020) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Sulla v. Horowitz*, No. 12-00449 SOM/KSC, 2012 WL 4758163, at *3 (D. Haw. Oct. 4, 2012)); *accord Perez v. Saxon Mortg. Servs., Inc.*, No. 09cv1001-L(NLS), 2010 WL 1202869, at *2 (citing *Aldabe*, 616 F.2d at 1092). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion. *Should Plaintiff elect to refile to seek leave to add a cause of action for defamation, she must call chambers to secure a hearing date before filing to provide Defendants an opportunity to respond.*

**IT IS SO ORDERED.**

Dated: August 10, 2020

Hon. Janis L. Sammartino
United States District Judge