UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, a Utah limited liability company; CHRIS HOWELL, an individual; and JUSTIN SPENCER, an individual,<br><br>Defendants. | Case No.: 20-CV-321 JLS (KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO FILE UNDER SEAL IN SUPPORT OF MOTION TO DISMISS OR TRANSFER**<br><br>(ECF No. 28) |

Presently before the Court is Defendants Howell Management Services, LLC ("HMS") and Chris Howell's a Motion to File Under Seal Documents in Support of Motion to Dismiss or Transfer ("Mot.," ECF No. 28), as well as Plaintiff Aparna Vashisht-Rota's Opposition ("Opp'n," ECF No. 33) and Defendants' Reply in Support of ("Reply," ECF No. 38) the Motion. The Court vacated the hearing and took the Motion under submission pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 40. Having carefully considered the Parties' arguments, the documents and other materials in question, and the relevant law, the Court **GRANTS IN PART AND DENIES IN PART** the Motion, as follows.

/ / /

/ / /

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound

///

discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

"Under the Court's inherent powers to control its docket and pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79.2(c), Defendant[s] . . . move[] the Court for an order (1) striking from the public docket the materials filed by Plaintiff as ECF Docket No. 1, 8, 13, and 14; (2) sealing materials; and (3) requiring Plaintiff file redacted versions of those documents that omit Defendant[s'] . . . confidential material at the paragraphs and the exhibits specifically identified herein."[1]  Mot. at 1.  Specifically, Defendants seek to strike confidential business and trade secret information appearing in paragraphs 8, 9, 10, 12, and 13 to the original complaint (ECF No. 1) and Exhibits B, C, D, Da, E, F, H, I, and K thereto (ECF No. 1-2); paragraphs 9, 10, 11, 13, 14, and 19 to the first amended complaint (ECF No. 8); paragraphs 7, 8, 9, 11, 17, and 28 to the operative second amended complaint (ECF No. 13); and Plaintiff's Motion to Consolidate (ECF No. 14).  *Id.* at 2–3.  Defendants contend that compelling reasons exist to file these materials under seal because "[a]llowing continued public access to the sensitive business information that Defendant HMS seeks seal would put the company at a competitive disadvantage because it would reveal information about HMS's pricing, business model, identity of clients and the business relationships with the clients, compensation and structure of its contractor arrangements, and would also make public the content of several salacious emails that are irrelevant to the business dispute and claims that Plaintiff still asserts."  *Id.* at 5.  Defendants also seek to strike paragraphs 21, 58 through 100, and 102 through 128 to the first amended complaint (ECF No. 8) and paragraph 55 of the second amended complaint (ECF No. 13) as "salacious and impertinent."  *Id.* at 3.  Defendants contend that these allegations are "not relevant to this business dispute and appear to have

---

[1] In their Reply, Defendants notes that Plaintiff subsequently has filed confidential materials in ECF Nos. 29, 29-2, 29-4, 29-6, 29-7, 31-1, 34, and 35.  *See* Reply at 2–4.  Defendants must address these materials through a separate motion.

been included by Plaintiff only for the purpose of bad faith embarrassment and harassment of Defendants." *Id.*

Relying on California Code of Civil Procedure section 435.5, Plaintiff opposes, arguing that she "fully rejects and opposes the motion to strike until there is a meet and confer and a joint report from that meet and confer should be required for any such motion to be tolerated." Opp'n at 1. If the Court does not deny the Motion, Plaintiff requests that "the court should grant the motion to strike and grant leave to amend and order the parties into a conference before any amended pleading or motion to strike may be filed." *Id.* at 2.

Having reviewed the documents in question, the Court concludes that Defendants have established that compelling reasons exist to file under seal portions of paragraphs 10, 12, and 13 to the original complaint (ECF No. 1) and Exhibits B, C, D, Da, E, F, H, I, and K thereto (ECF No. 1-2); paragraphs 11, 13, and 14 to the first amended complaint (ECF No. 8); paragraphs 9, 11, and 55 to the operative second amended complaint (ECF No. 13); and Exhibits N and O to Plaintiff's Motion to Consolidate (ECF No. 14). The Court concludes that Defendants' have failed to establish compelling reasons to file under seal paragraphs 8 and 9 to the original complaint (ECF No. 1); paragraphs 9, 10, and 19 to the first amended complaint (ECF No. 8); paragraphs 7, 8, 17, and 28 to the operative second amended complaint (ECF No. 13); and the remainder of Plaintiff's Motion to Consolidate (ECF No. 14). The Court further concludes that Defendants have failed to establish compelling reasons to strike paragraphs 21, 58 through 100, and 102 through 128 to the first amended complaint (ECF No. 8), which contain no allegations that appear gratuitously salacious. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to seal its records.") (citing *Foltz*, 331 F.3d at 1136). Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion (ECF No. 28). Accordingly, the Clerk of Court **SHALL STRIKE**

ECF Nos. 1, 1-2, 8, 13, and 14.  Within <u>fourteen (14) days</u> of the electronic docketing of this Order, the Parties **SHALL MEET AND CONFER** regarding any narrowly tailored redactions necessary to protect Defendants' confidential business information.[2] Defendant also **MAY FILE** a renewed motion to seal those portions of Plaintiff's complaints and exhibits for which the Court determined that Defendants had failed to establish "compelling reasons" within <u>fourteen (14) days</u> of the electronic docketing of this Order. *See, e.g.*, *Foltz*, 331 F.3d at 1136.  With Defendants' approval, Plaintiff **SHALL LODGE UNDER SEAL** unredacted versions of ECF Nos. 1, 1-2, 8, 13, and 14 and **SHALL PUBLICLY FILE** redacted versions of ECF Nos. 1, 1-2, 8, 13, and 14 within <u>twenty-one (21) days</u> of the electronic docketing of this Order.  *To avoid superfluous motion practice, the Court urges the Parties to meet and confer regarding a stipulated protective order and/or before filing information that may be confidential or gratuitously inflammatory.*

    **IT IS SO ORDERED.**

Dated:  August 13, 2020

Hon. Janis L. Sammartino
United States District Judge

---

[2] In light of the COVID-19 situation, the Parties may meet and confer telephonically or by video.