UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, a Utah limited liability company; CHRIS HOWELL, an individual; and JUSTIN SPENCER, an individual,<br><br>Defendants. | Case No.: 20-CV-321 JLS (KSC)<br><br>**ORDER (1) GRANTING EXTENSION OF TIME, AND (2) CLARIFYING AUGUST 14, 2020 ORDER [ECF NO. 55]**<br><br>(ECF No. 60) |

Presently before the Court is Plaintiff Aparna Vashisht-Rota's Ex-Parte Motion for Clarification of Order at Docket Entry 55 ("Ex Parte Mot.," ECF No. 60). In its August 14, 2020 Order (ECF No. 55), the Court ordered the Parties to meet and confer "regarding any narrowly tailored redactions necessary to protect Defendants' confidential business information." *Id.* at 5. Plaintiff reports that the Parties have met and conferred, Ex Parte Mot. at 1, "but Defendants have redacted all of the[ paragraphs and exhibits referenced in the Court's August 14, 2020 Order] fully," meaning "the parties need time to meet and confer again, thereby requiring an extension." *Id.* at 2. Further, "to file things properly,

Plaintiff needs at least 3 weeks more each time to research each topic, the history of law on that topic, and most recent decision that could impact the same." *Id.* (footnote omitted).

To the extent Plaintiff requests clarification, Plaintiff is correct that "the Court conclude[d] that Defendants ha[d] established that compelling reasons exist to file under seal *portions* of" various paragraphs and documents as enumerated in the August 14, 2020 Order. *See* ECF No. 55 at 4 (emphasis added). The Court therefore ordered the Parties to meet and confer "regarding any *narrowly tailored redactions necessary* to protect Defendants' confidential business information." *See id.* at 5 (emphasis added). The Court therefore **GRANTS** the Parties a three-week extension of time to comply with its August 14, 2020 Order, including further meet-and-confer efforts to agree upon narrowly tailored redactions.

The Court also ordered on August 14, 2020 that, "*[t]o avoid superfluous motion practice, the Court urges the Parties to meet and confer regarding a stipulated protective order and/or before filing information that may be confidential or gratuitously inflammatory.*" ECF No. 55 at 5 (emphasis in original). Plaintiff "humbly seeks clarification on 'and/or before filing information that may be confidential or gratuitously inflammatory.'" Ex Parte Mot. at 2. In cautioning the Parties to avoid "gratuitously inflammatory" information, the emphasis is on "gratuitously"—the Parties shall endeavor to avoid filing information that is not relevant to the instant dispute but that instead serves only "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

**IT IS SO ORDERED.**

Dated: August 28, 2020

Hon. Janis L. Sammartino
United States District Judge