UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, a Utah limited liability company; CHRIS HOWELL, an individual; and JUSTIN SPENCER, an individual,<br><br>Defendants. | Case No.: 20-CV-321 TWR (KSC)<br><br>**ORDER (1) GRANTING PLAINTIFF'S LEAVE TO FILE THIRD AMENDED COMPLAINT, (2) DENYING PLAINTIFF'S MOTION TO STAY, (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND (4) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF Nos. 21, 80, 93, 94) |

  Presently before the Court are Plaintiff Aparna Vashisht-Rota's Motions for Leave to File a Third Amended Complaint ("Mot. to Amend," ECF No. 80), to Stay ("Mot. to Stay," ECF No. 93), and for Summary Judgment ("MSJ," ECF No. 94) and Defendants Howell Management Services and Chris Howell's Motion to Dismiss ("Mot. to Dismiss," ECF No. 21). The Court **VACATES** the hearing set for November 4, 2020, and takes the matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered the Parties' arguments and the law, the Court **GRANTS**

Plaintiff's Motion to Amend**, DENIES** Plaintiff's Motion to Stay, **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Summary Judgment, and **DENIES AS MOOT** Defendants' Motion to Dismiss.

## BACKGROUND

### I. Motions to Amend the Complaint

On February 19, 2020, Plaintiff, proceeding pro se, filed a Complaint (ECF No. 1). Generally, Plaintiff alleges causes of action for (1) violation of Business and Professions Code § 17200; (2) unfair competition; (3) fraud; (4) false promises; and (5) unpaid wages and expenses and seeks among other things, declaratory relief, equitable relief, and damages.

On March 20, 2020, Plaintiff filed an Amended Complaint (ECF No. 13), to which Defendants filed a Motion to Dismiss (ECF No. 21).

On August 9, 2020, Plaintiff filed a Motion for Leave to File a Second Amended Complaint seeking to add four causes of actions for (1) theft by false pretenses in violation of California Penal Code § 532; (2) fraud by wire, radio, or television in violation of section 1343 of Title 18 of the United States Code; (3) defamation pursuant to California Civil Code § 44; and (4) pandering in violation of California Penal Code § 266i. (*See* ECF No. 48-1.) On August 10, 2020, the Honorable Janis L. Sammartino denied without prejudice Plaintiff's Motion for Leave to File a Second Amended Complaint, finding that, with the exception of the defamation claim, the proposed amendments were futile because "[a] private party cannot make a claim for violation of a criminal statute." (*See* ECF No. 49.)

On September 12, 2020, Plaintiff filed a Motion for Leave to File a Third Amended Complaint, (ECF No. 76), and, on September 14, 2020, filed the instant Motion to Amend (ECF No. 80).

### II. Motions for Summary Judgment

On May 6, 2020, Plaintiff filed *Ex Parte* Motions for Summary Judgment to Obtain Judgment for Invoices Due Pursuant to Second Agreement Section 9(a)(b) and Interest Due for Late Payment as per 9(c), (ECF No. 34), and for Invoices Due Pursuant to Second

Agreement Section 8(a) and Interest Due for Late Payment as per 8(b) and Adjustments as per 8(d) (ECF No. 35), which Judge Sammartino denied as premature pursuant to Federal Rule of Civil Procedure 56(d) (*see* ECF No. 36). On September 22, 2020, Plaintiff filed the instant Motion for Summary Judgment. (ECF No. 94.)

### III. Motions to Stay

On September 17, 2020, Plaintiff filed a Motion to Stay Order in Case No. 170100325, (ECF No. 83), which Judge Sammartino denied (ECF No. 87). On September 19, 2020, Plaintiff filed a Motion for Reconsideration, (ECF No. 90), which Judge Sammartino also denied, without prejudice (ECF No. 92). On September 22, 2020, Plaintiff filed the instant Motion to Stay. (ECF No. 93.)

## MOTION TO AMEND

### I. Legal Standard

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his or her complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)), and its application is committed to "the sound discretion of the trial court." *Id.* (citing *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659, 664 (9th Cir. 1969), *cert. denied*, 397 U.S. 918 (1970)). The Supreme Court has cautioned that courts generally should grant leave to amend absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Rule 15(a) 'is to be applied with extreme liberality,' and whether to permit amendment is a decision

'entrusted to the sound discretion of the trial court.'" *EFG Bank AG, Cayman Branch v. Transamerica Life Ins. Co.*, No. 216CV08104CASGJSX, 2019 WL 5784739, at *3 (C.D. Cal. Nov. 4, 2019) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982)).

The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

**II.   Analysis**

In the Motion to Amend, Plaintiff seeks to add two causes of action for (1) defamation pursuant to California Civil Code § 44 and (2) violation of Rico Influenced and Corrupt Violations Act ("RICO") pursuant to section 1964 of Title 18 of the United States Code. (*See generally* ECF No. 80.)  Defendants oppose on the grounds that Plaintiff's proposed amendments are futile because all of Plaintiff's claims are compulsory counterclaims in the Utah Case, *forum non conveniens* dictates that the Court should dismiss this case, the claim splitting doctrine bars Plaintiff's claims, and Plaintiff's defamation and RICO claims are not sufficiently pleaded.  (*See* ECF No. 101 at 16–25.)

Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and instead defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); *accord Green Valley Corp. v. Caldo Oil Co.*, No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility"). Consequently, Defendants' arguments concerning the sufficiency of Plaintiff's proposed amendments are better left for briefing on a motion to dismiss. *See Lillis v. Apria Healthcare*, No. 12cv52-IEG (KSC), 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012) (finding that the defendants' argument as to the sufficiency of plaintiffs' proposed pleadings, even if merited, remain better left for full briefing on a motion to dismiss).  Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend and **DENIES AS MOOT** Defendant's Motion to Dismiss.

## MOTION TO STAY

Plaintiff has several actions against Defendants pending in state court. Plaintiff requests that the Court issue "an order staying any further proceedings in any matter related to the California employment pending resolution of this instant action." (*See* Mot. to Stay at 1.) "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805 (9th Cir. 2002) (quoting 28 U.S.C. § 2283). As Defendants contend, Plaintiff "has not and cannot show that any of the three specifically defined exceptions to the Act apply to her request." (*See* Opp'n to Mot. to Stay at 8.) Accordingly, the Court **DENIES** Plaintiff's Motion to Stay.

## MOTION FOR SUMMARY JUDGMENT

Plaintiff seeks summary adjudication as to the fifth cause of action for unpaid wages and out of pocket expenses. (*See* MSJ at 4–6.) "Although [Federal Rule of Civil Procedure] Rule 56 allows a party to file a motion for summary judgment 'at any time,' the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery." *Gordon v. Marquez*, No. 118CV01223DADSABPC, 2019 WL 1017323, at *1 (E.D. Cal. Mar. 4, 2019) (citing Fed. R. Civ. P. 56). Indeed, courts have denied pre-answer and pre-discovery motions for summary judgment as premature. *See Williams v. Yuan Chen*, No. S–10–1292 CKD P, 2011 WL 4354533, at *3 (E.D. Cal. Sept. 16, 2011) (denying the plaintiff's motion for summary judgment as premature where the defendant had not yet filed an answer and the court had not issued a discovery order); *see also Waters v. Experian Info. Solutions, Inc.*, Case No. 12–cv–0308–AJB (RBB), 2012 WL 1965333, at *4 n. 2 (S.D. Cal. May 31, 2012) ("This Court typically finds pre-answer summary judgments premature and unhelpful."); *Moore v. Hubbard*, No. Civ S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending the plaintiff's motion for summary judgment be denied as premature where "discovery has not yet begun, defendants have not yet filed an answer and the court has yet

to issue a discovery and scheduling order"); *Code Rebel LLC v. Aqua Connect Inc.*, No. CV1304539RSWLMANX, 2014 WL 12569460, at *1 (C.D. Cal. Feb. 12, 2014) (*sua sponte* denying without prejudice motion for summary judgment as premature pursuant to Federal Rule of Civil Procedure 56(d)).

This case is still at the pleading stage, as evidenced by the Court's decision to grant Plaintiff leave to file an amended complaint. Further, as Defendants contend, (*see* Opp'n to MSJ at 10), Plaintiff has conducted no discovery in this matter and Defendants have yet to file an answer to Plaintiff's complaint. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Summary Judgment on the ground that it is premature.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Amend (ECF No. 80), **DENIES** Plaintiff's Motion to Stay (ECF No. 93), **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Summary Judgment (ECF No. 94), and **DENIES AS MOOT** Defendant's Motion to Dismiss (ECF No. 21). Plaintiff **SHALL FILE** the Third Amended Complaint within three (3) court days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: October 30, 2020

_____
Honorable Todd W. Robinson
United States District Court