Dr. Aparna Vashisht-Rota
12396 Dormouse Road,
San Diego, California, 92129
USA
Phone: 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
Email: Aps.rota@gmail.com

UNITED STATES DISTRICT COURT

SOUTHERN CALIFORNIA

| | |
|---|---|
| DR. APARNA VASHISHT-ROTA, an individual, | Case No.: 3:20-cv-00321-LL-TWR |
| Plaintiff, | **EX-PARTE MOTION TO FILE DOCUMENT UNDER SEAL IN SUPPORT OF PLAINTIFF'S TAC [128]** |
| v. | |
| Howell Management Services, a Utah LLC, and Mr. Chris Howell, an individual, HMS | |
| Defendants, | |
| JUSTIN SPENCER, an individual, | |
| Defendant, | |
| FRANCK TROCKI, an individual, | |
| Defendant, | |
| MICHAEL HERNANDEZ, an individual, | |
| Defendant. | |

EX-PARTE MOTION TO FILE DOCUMENT UNDER SEAL IN SUPPORT OF PLAINTIFF'S TAC [128] - 1

**INTRODUCTION**

Plaintiff, Dr. Rota hereby applies to the Court for an Order allowing Defendant to file Exhibit 1 under seal in support for her motion in support of equitable remedies. Exhibit 1 is subject to a protective Order in Utah so it must be filed under seal. The unredacted filing shows that the state Court is violating Plaintiff's First and Fourteenth Amendments to the United States Constitution in bad faith for harassment. Bad faith and harassment exceptions apply as Plaintiff faces great jeopardy to her first and fourteenth amendment rights as well as severe mental distress with sudden defaults for no cause that resulted in massive damages to Plaintiff. The Utah Court refuses to rule on the merits of the case. Plaintiff is an established AAA founder and her AAA rights with HMS are now active. None of the work was done in Utah and HMS has accepted there are no Utah agreements. In this situation, the Utah action is not in good faith, it is purely to harass and frustrate Plaintiff now ongoing for years. Plaintiff needs to get heard and helped and go to a jury trial as she has the freedom to do both, AAA or litigation.

**BACKGROUND**

Plaintiff has sued Defendants under 42 U.S.C. § 1983 for the violation of her rights under the First and Fourteenth Amendments to the United States Constitution as well as abuse of process. Defendants argue that the Court should dismiss. Plaintiff argues that the Court should allow the suit based on the Second Agreement to proceed as Plaintiff won her AAA trial against Hernandez in 2019.

The trial Court first through Judge Allen tried to make it more difficult for Plaintiff by trying to schedule her deposition right when Hernandez trial was ongoing. HMS and Hernandez both knew that Plaintiff sought a stay in Utah and AAA respectively as was defending her thesis from Feb-May 2019. The Judge did not grant a stay to wait for all California claims as Plaintiff had apprised HMS that there are no Utah agreements again.

Plaintiff then won her AAA trial in August 2019. The trial court then sat on the so-called show cause motion contempt proceedings in November 2019. It sent the parties on a sua sponte mediation in early 2020 without conferring founder rights to coerce a settlement far removed from money owed with threats of keeping silent. Plaintiff refused to the trial court after 11 months defaulted Plaintiff. Note that had the Utah trial court granted the stay, Plaintiff would have been able to combine all her claims and then have them sent back to California federal as Plaintiff has claims against other parties. However, the Utah trial court did not grant the stay. It then sat on the case from mid 2019 to suddenly default Plaintiff in 2020 with the so-called show cause motion (See Exhibit 1

EX-PARTE MOTION TO FILE DOCUMENT UNDER SEAL IN SUPPORT OF PLAINTIFF'S TAC [128] - 2

1  Unredacted). The interlocutory was granted in September 2020. The trial court sat on the case from July 2021 to
2  December 2021 to release the record. So, it delayed the record to frustrate the process for Plaintiff. Plaintiff has met
3  judges in California in cases that started later more than that Judge in Utah, in fact, she has never met her.
4      Plaintiff over a 5-year torture has faced sudden defaults despite having counsel. It was no use. Plaintiff
5  faces irreparable harm with prolonged proceedings. Plaintiff won in AAA so she does not need to work with HMS.

**ARGUMENT**

"When the state in a criminal proceeding acts in bad faith or with the purpose of harassing the federal plaintiff, its actions are not 'legitimate activities'. In those extraordinary cases, the balance tips in favor of the national government, and federal courts should act to protect federal interests. [*Younger*] at 47, 91 S.Ct. at 752. Equitable relief by the federal court is warranted, because the federal plaintiff faces a risk of irreparable injury that is both 'great and immediate'. *Id. DeSpain*, 731 F.2d at 1176-77."

**Fourteenth Amendment Violations:** The unredacted version shows that the state court is targeting Plaintiff's AAA win. The Defendant's purpose is to retaliate against Plaintiff's win that that retaliation is the major motivating factor. The Court on behalf of HMS later clarified the "at least in part" language of the *Wilson* test by holding that the plaintiff must show that the defendant's purpose was not merely "in part" to retaliate, but that retaliation was a "*major motivating factor and played a prominent role* in the decision to prosecute." *Smith v. Hightower*, 693 F.2d 359, 367 (5th Cir. 1982) (emphasis added) ("In stating that the plaintiff must prove retaliation exists before a preliminary injunction will be granted, the *Wilson* Court contemplated that the plaintiff must prove retaliation was a major motivating factor and played a prominent role in the decision to prosecute."). *See also Ramelli v. Zahn*, No. 20-1482, 2020 WL 3971279, at *7 (E.D. La. July 14, 2020).

**First Amendment Profound Violations:** Official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit exercise of the protected right,' *Crawford-El v. Britton,* 523 U.S. 574, 588, n. 10, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998), and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out, *id.,* at 592, 118 S.Ct. 1584; see also *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) (noting that the government may not punish a person or deprive him of a benefit on the basis of his 'constitutionally protected speech'). (See unredacted IA).

EX-PARTE MOTION TO FILE DOCUMENT UNDER SEAL IN SUPPORT OF PLAINTIFF'S TAC [128] - 3

**CONCLUSION**

Plaintiff suffers irreparable harm and severe anguish at the sudden attack without due process to steal her property and first amendment rights. Plaintiff needs to file this unredacted under seal in support of her argument that Plaintiff suffers great and immediate harm in every way possible, mentally, emotionally, financially, in a new business to be targeted like this is dangerous. The State Court is letting Plaintiff get harmed in retaliation for reporting harassment. The unredacted version shows that the state court has been targeting her AAA rights with a retaliatory motive (Retaliation examples). The Court then acted to deprive Plaintiff of due process and first amendment rights in furtherance to deny her substantial rights. The redacted copy is attached as Exhibit 1.

DATED 19th day of February 2022.

*[signature]*

Dr. Aparna Vashisht-Rota

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2022, I electronically filed the foregoing with the Clerk of the Court for US District Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

      19th day of February 2022.

_____
Dr. Aparna Vashisht-Rota

EX-PARTE MOTION TO FILE DOCUMENT UNDER SEAL IN SUPPORT OF PLAINTIFF'S TAC [128] - 5