1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  APARNA VASHISHT-ROTA, | Case No.: 3:20-cv-00321-RBM-KSC |
| 12                                    Plaintiff, | **ORDER:** |
| 13  v. | |
| 14  HOWELL MANAGEMENT SERVICES, et al. | **(1) GRANTING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AUTHORITY (Doc. 193);** |
| 15                                    Defendants. | |
| 16 | |
| 17 | **(2) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT (Doc. 119);** |
| 18 | |
| 19 | |
| 20 | **(3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT (Doc. 128);** |
| 21 | |
| 22 | |
| 23 | |
| 24 | **(4) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AS MOOT (Doc. 212); AND** |
| 25 | |
| 26 | |
| 27 | **(5) DENYING PLAINTIFF'S MOTION FOR SPECIAL MASTER** |
| 28 | |

1

**(Doc. 192)**

**[Docs. 119, 128, 192, 193, 212]**

On November 16, 2020, Defendants Howell Management Services ("HMS") and Chris Howell ("Howell") (collectively "Defendants") filed a motion to dismiss Plaintiff's third amended complaint (Doc. 127) ("TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion").[1] (Doc. 119.) Plaintiff Aparna Vashisht-Rota ("Plaintiff" or "Vashisht-Rota"), appearing pro se, filed an opposition on November 20, 2020. (Doc. 120.) Defendants filed a reply on February 10, 2021, and a notice of supplemental authority on July 21, 2021. (Docs. 129, 148.)

On December 3, 2020, Plaintiff filed a motion for leave to file a fourth amended complaint ("Motion for Leave"). (Doc. 128.) Defendants filed an opposition on February 17, 2021. (Doc. 134.) Plaintiff filed a reply on March 7, 2021. (Doc. 143.) On September 25, 2022, Plaintiff filed a motion to file supplemental authority ("Motion to File Supplemental Authority") in support of her fourth amended complaint and in opposition to Defendants' supplemental authority. (Doc. 193.) Good cause appearing, the Court **GRANTS** Plaintiff's Motion to File Supplemental Authority.

On October 22, 2022, Plaintiff filed a motion for leave to file a fifth amended complaint. (Doc. 212.) Defendants filed on opposition on November 7, 2022. (Doc. 219.)

---

[1] Accompanying Defendants' Motion is a request for judicial notice of various court and administrative records, some of which are documents that have been ordered sealed which bear directly on the issue of whether Plaintiff's claims are barred by collateral estoppel. (Doc. 119-2 at 2; *see also* Docs. 26, 27.) In deciding the present motions, the Court takes judicial notice of the filings from the prior federal actions and pending state court action. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *see also ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1136 (C.D. Cal. 2014) ("[i]t is well established that federal courts may take judicial notice of related state court orders and proceedings.").

On October 24, 2022, Plaintiff filed a motion to appoint a special master seeking appointment of a master to issue rulings on a case pending in Utah state court. (Doc. 192.) Defendants filed an opposition on October 10, 2022. (Doc. 194.) Plaintiff filed a reply, and then an "update" to her reply. (Docs. 195, 197.)

For the reasons below, Plaintiff's motion to appoint a special master is **DENIED**, Defendants' Motion to Dismiss is **GRANTED**, Plaintiff's Motion for Leave to File Fourth Amended Complaint is **DENIED**, Plaintiff's Motion for Leave to File Fifth Amended Complaint is **DENIED AS MOOT**, and Plaintiff's claims are dismissed **WITH PREJUDICE**.

## I.   BACKGROUND

From October 2015 to March 2017, Defendants contracted with Plaintiff to refer foreign and domestic students to HMS and to have those students enrolled at universities associated with HMS. The parties entered a series of agreements titled as an "HMS Authorized Representative Agreement." The parties' business relationship ultimately ended and has prompted extensive litigation in Utah state court and California federal court regarding the parties' conduct and obligations during and after the contractual relationship.

### A.   Pending Utah Litigation

On November 2, 2017, HMS[2] filed a complaint against Vashisht-Rota and her entity August Education Group, LLC ("AEG") in the First District, Cache County, Utah state court ("Utah Litigation"). (*See* Decl. of Elizabeth M. Butler in Support of Defs.' Mot. to Dismiss (Nov. 16, 2020) ("November 2020 Butler Declaration"), Doc. 119-3, Ex. 1 at 6.) The Utah Litigation is premised upon Vashisht-Rota's alleged termination of an agreement between the parties and her subsequent harassing and threatening communications with Defendant HMS and its principals. The operative second amended complaint pursues the following relief and/or claims against Vashisht-Rota: (1) declaratory relief that HMS owes

---

[2] Although Howell is named as a party in the instant litigation, he is not a party to the Utah Litigation.

no money to AEG and/or Vashisht-Rota; (2) breach of contract related to the independent contractor agreement; (3) intentional interference with existing economic relations; (4) defamation; (5) injurious falsehood; and (6) injunctive relief related to AEG and/or Rota's breach of contract and email harassment campaign.  (*See* Decl. of Elizabeth M. Butler in Support of Mot. to Dismiss (Apr. 27, 2020) ("April 2020 Butler Declaration"), Doc. 20, Ex. 2; *see also* Docs. 26-27.)

On February 1, 2018, Vashisht-Rota filed a motion to stay the Utah Litigation pending arbitration.  (Nov. 2020 Butler Decl., Doc. 119-3, Ex. 1 at 6.)  On June 29, 2018, the Utah court denied the motion to compel arbitration, finding that the binding agreement between the parties—the HMS Authorized Representative Agreement dated April 24, 2017 ("Third Agreement") (Doc. 27 at 45-51)—lacked an arbitration clause.  (Apr. 2020 Butler Decl., Doc. 20, Ex. 3; *see also* Docs. 26-27.)  The Utah court highlighted the agreement's choice of law and forum selection clauses, where the parties agreed that Utah law governed and submitted to the exclusive jurisdiction of the Courts of the State of Utah.  (*see id*.)

Vashisht-Rota, who was represented by counsel at the time, subsequently filed an answer to the second amended complaint and counterclaim.  (Nov. 2020 Butler Decl., Doc. 119-3, Ex. 1 at 6.)  Vashisht-Rota's counterclaims against Defendant HMS include the following: (1) breach of contract related to the Third Agreement; (2) breach of the duty of good faith and fair dealing related to the Third Agreement; and (3) unjust enrichment.  (Apr. 2020 Butler Decl., Doc. 20, Ex. 4; *see also* Docs. 26-27.)  According to Defendants, the Utah court struck Vashisht-Rota's answer and counterclaim as a sanction and all that remains is a trial to determine Defendant HMS's damages.  (Doc. 119-1 at 10.)

B. <u>Prior Litigation in this District</u>

  i. 2018 Action

In July 2018, Vashisht-Rota, who was represented by counsel at the time, filed suit against HMS and Howell in San Diego Superior Court, which Defendants removed to this Court.  *See generally Rota v. Howell Management Services, et. al.*, No. 3:18-cv-02010-L-AGS (the "2018 Litigation").  Plaintiff asserted the following claims against Defendants:

(1) failure to pay minimum wage in violation of California Labor Code; (2) failure to pay overtime in violation of California Labor Code; (3) failure to pay promised wages; (4) failure to pay compensation at time of termination in violation of California Labor Code; (5) failure to reimburse out-of-pocket expenses in violation of California Labor Code; and (6) unlawful and unfair business practices in violation of California Business & Professions Code section 17200 *et seq*.  *See* 2018 Litigation Docket, Doc. 1-2.  On May 28, 2019, District Judge M. James Lorenz granted Defendants' motion to dismiss, finding Plaintiff's claims as compulsory counterclaims that should have been included in the Utah Litigation.  *See* 2018 Litigation Docket, Doc. 22 at 3-5.  The Ninth Circuit affirmed, finding the district court properly dismissed the claims because they arose from the same transaction or occurrence as the claims in the pending Utah Litigation.  *See* 2018 Litigation Docket, Doc. 34.

        *ii.*     2019 Action

In March 2019, Vashisht-Rota, who was represented by counsel at the time, filed another suit against Defendants.[3]  *See generally Rota v. Howell Management Services, LLC*, No. 3:19-cv-0512-L-MDD (the "2019 Litigation").  Plaintiff asserted the following claims against Defendants: (1) sexual harassment; (2) unlawful gender/sex discrimination; (3) unlawful race discrimination; (4) unlawful national origin discrimination; (5) retaliation; (6) retaliation in violation of the California Labor Code; (7) constructive discharge; (8) intentional infliction of emotional distress; (9) failure to prevent and remedy unlawful discrimination and harassment; (10) failure to correct and remedy unlawful discrimination and harassment; and (11) violation of equal pay.  *See* 2019 Litigation Docket, Doc. 1.  Defendants filed a motion to dismiss, seeking dismissal because the claims were compulsory counterclaims that should have been pursued in the Utah Litigation, or alternatively, dismissed based upon *forum non conveniens*.  *See* 2019 Litigation Docket,

---

[3] This complaint also named Justin Spencer, a Utah resident affiliated with HMS, as a defendant.

Doc. 6. Judge Lorenz ruled that Vashist-Rota's claims were not compulsory counterclaims that must be included in the Utah Litigation. *See* 2019 Litigation Docket, Doc. 18 at 4-6. Judge Lorenz reasoned that the claims did not arise under the same facts, because the 2019 Litigation focused on HMS and Howell's behavior *during* the contract relationship and Utah Litigation focuses on Vashisht-Rota's behavior *after* the contract relationship ended. *Id.* However, given the Third Agreement's forum selection clause, Judge Lorenz dismissed the 2019 Litigation based upon *forum non conveniens* and 28 U.S.C. § 1404(a). *Id.* at 6-10. The Ninth Circuit affirmed the decision, but on a different ground. *See* 2019 Litigation Docket, Doc. 25. The Ninth Circuit found Vashisht-Rota's claims in the 2019 Litigation to be compulsory to the pending Utah Litigation, as the claims arose from the same transaction or occurrence. *Id.* (relying in part on *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987) ("The question whether the [Plaintiff's] claims are compulsory counterclaims which should have been pleaded in the earlier. . . state court action is a question of state law."); *Yanaki v. Iomed Inc.*, 116 P.3d 962, 963-65 (Utah Ct. App. 2005) (under Utah R. Civ. P. 13(a)(1), employee's discrimination claims were compulsory counterclaims that should have been filed in employer's earlier-filed action, even if administrative remedies were not yet exhausted; the employment relationship was the transaction or occurrence that was the subject matter of the employer's claims)).

      C.    <u>Present Action</u>

The TAC (Doc. 127) asserts the following claims against Defendants: (1) unlawful and unfair business practices; (2) unfair competition; (3) fraud; (4) false promises; (5) unpaid wages and expenses; (6) defamation under California law; (7) Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. Plaintiff's Motion for Leave to File a Fourth Amended Complaint seeks to add nine new claims and three new Defendants, Justin Spencer, Franck Trocki, and Michael Hernandez. (Doc. 128.) The new

claims[4] include: (1) equitable remedy of specific performance; (2) equitable remedy of injunctive relief; (3) equitable rescission; (11) sexual harassment in violation of California Government Code; (12) violation of California Civil Code § 51.5; (13) failure to prevent discrimination in violation of California Civil Code; (14) conspiracy to interfere with First Amendment Rights in violation of 42 U.S.C. § 1985(3); (15) abuse of process; and (16) negligence. (*Id.*) Plaintiff's "supplemental authority" (Doc. 193) in support of her fourth amended complaint submits "several documents in support of her bias claims." (Doc. 193 at 1.) While Plaintiff also includes an exhibit purporting to support a misappropriation of trade secrets claim, such claim has not been included in the fourth amended complaint and thus will not be considered. (*Id.*)

D.  Related Cases Pending in this District

Vashisht-Rota has filed four other related cases pending before the undersigned, all of which she is appearing pro se. *See Vashisht-Rota v. Ottawa Univ.*, No. 20-cv-959-RBM-KSC; *Vashisht-Rota v. Harrisburg Univ.*, No. 20-cv-967-RBM-KSC; *Vashisht-Rota v. Bluechip Servs.*, No. 22-cv-900-RBM-KSC; and *Vashisht-Rota v. Utah Attorney General*, No. 22-cv-978. Defendants HMS and Howell are also named as Defendants in *Vashisht-Rota v. Bluechip Services*, and have filed a motion to dismiss which is fully briefed. *See*, No. 22-cv-900-RBM-KSC, Doc. 4.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

---

[4] The fourth through tenth causes of action in the fourth amended complaint are the same causes of action pleaded in the TAC. (*Compare* Doc. 127 *with* Doc. 128-1.)

sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Moreover, when an action is filed by a pro se litigant, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). However, in giving liberal interpretation to a pro se complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted). In deciding whether justice requires granting leave to amend, factors to be considered include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

/ / /

### III.  DISCUSSION

#### A.  Motion to Appoint Special Master

Before analyzing the claims in the TAC and pending Motion to Dismiss, the Court will preliminarily address Plaintiff's request for the Court to appoint a special master to issue rulings in the pending Utah Litigation. (Doc. 192.)  Other than citing Federal Rule of Civil Procedure 53 (which does not apply in this circumstance), Plaintiff cites no binding authority to support her request for this Court to intervene in the pending state court proceeding.  Accordingly, Plaintiff's motion to appoint a special master is **DENIED**.

#### B.  Motion to Dismiss

Defendants' Motion argues that Plaintiff's TAC should be dismissed because her attempt to pursue litigation duplicative of the 2018 and 2019 Litigations violates the rule against claim splitting and collateral estoppel. (Doc. 119-1 at 13-17.)  As to the collateral estoppel argument, Defendants contend that the issue of whether Vashisht-Rota's claims should be dismissed on grounds of them being compulsory counterclaims to the Utah Litigation or alternatively dismissed pursuant to forum *non conveniens*, have already been fully and fairly litigated in the 2018 and 2019 Litigations. (*Id.* at 18-30.)  Finally, Defendants contend the defamation and RICO claims fail as a matter of law under Rule 12(b)(6). (*Id.* at 30-31.)

Vashisht-Rota's response is difficult to construe.  It appears she is arguing that her instant case is factually different from the Utah Litigation such that her claims may proceed in this District, and they are not compulsory counterclaims. (Doc. 120 at 3, 7.)  She also argues various equitable grounds to allow this case to proceed separately from the Utah Litigation, including specific performance of the Second Agreement between the parties or equitable rescission of the Third Agreement. (*Id.* at 5-7.)

As outlined below, collateral estoppel and the 12(b)(6) analysis of the defamation and RICO claims are determinative for purposes of ruling upon Defendant's Motion.  As such, the Court need not reach the issue of whether Plaintiff's claims violate the rule against claim splitting.

*i.   Collateral Estoppel*

A federal district court sitting in diversity applies state preclusion law to determine the effect of a prior dismissal by a federal court sitting in diversity. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-509 (2001); *Gustafson v. U.S. Bank N.A.*, 618 F. App'x 921, 922 (9th Cir. 2015); *Daewoo Elecs. America Inc. v. Optca Corp.*, 875 F.3d 1241, 1246-1247 (9th Cir. 2017) ("federal common law requires that we determine the preclusive effect of the prior decision by reference to the law of the state where the rendering federal diversity court sits."). This necessarily requires application of "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek*, 531 U.S. at 508.

In the 2018 Action, Vashisht-Rota originally filed suit in California state court, but Defendants HMS and Howell removed it to this District claiming diversity jurisdiction. *See* 2018 Litigation Docket, Doc. 1. Vashisht-Rota is a citizen of California and Defendants HMS and Howell are citizens of Utah. *Id.* at 1-4. Defendants alleged the amount in controversy exceeded $75,000. *Id.* at 3-4. Judge Lorenz denied Vashist-Rota's motion for remand, finding that Defendants sufficiently demonstrated the amount in controversy requirement. *Id.* at Doc. 21. In the 2019 Action, Vashisht-Rota filed suit in this District, claiming diversity jurisdiction. *See* 2019 Litigation Docket, Doc. 1. Thus, the Court sat in diversity jurisdiction over the 2018 and 2019 Actions. As a result, state law governs the preclusive effect of those prior federal court judgments. *See Semtek*, 531 U.S. at 507.

Here, the forum state is California, such that its preclusion law would apply. Defendant, however, contends that "a California court would enforce the parties' choice of law and look to Utah law" because the Third Agreement specifies that any claim or action arising under the agreement "shall be governed by and construed in accordance with the laws of the State of Utah." (Doc. 119-1 at 16 (citing *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002 (9th Cir. 2010)); *see also* Doc. 27-2 at 49.) / / /

It is of no practical consequence whether the Court applies California or Utah[5] issue preclusion law, as the states have similar analysis. Accordingly, the Court will apply the default California law. In California, "issue preclusion prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." *Hardwick v. Cty. of Orange*, 980 F.3d 733, 740 (9th Cir. 2020) (citing *DKN Holdings LLC v. Faerber*, 352 P.3d 387, 386 (2015)). In other words, it "prevents a party from obtaining a second adjudication of an issue that has already been adjudicated against that party on the merits by a court of competent jurisdiction." *Id.* (internal citation and quotation omitted). Issue preclusion applies: "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or in privity with that party." *Id.* (citing *DKN Holdings*, 352 P.3d at 387). "The identical issue requirement addresses whether identical factual allegations are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." *Id.* (internal citation and quotation omitted).

Both the 2018 and 2019 Litigations involved the same parties or their privities as are named in the TAC, except that Justin Spencer[6] was a named Defendant in the 2019 Litigation. The parties litigated the identical issue, i.e., whether claims involving the parties' work relationship[7] were compulsory to the pending Utah Litigation. There has been a final adjudication in the 2018 and 2019 Litigations, as the Ninth Circuit affirmed

---

[5] Utah applies a four-part test to determine whether issue preclusion applies: (1) the issue challenged must be identical in the previous action and in the case at hand; (2) the issue must have been decided in a final judgment on the merits in the previous action; (3) the issue must have been competently, fully, and fairly litigated in the previous action; and (4) the party against whom collateral estoppel is invoked in the current action must have been either a party or privy to a party in the previous action. *Macris & Assocs., Inc. v. Neways, Inc.*, 16 P.3d 1214, 1222 (Utah 2000).

[6] Justin Spencer is a Utah resident affiliated with HMS.

[7] Whether Plaintiff was an employee or independent contractor is not relevant in determining whether the claims are identical. *Hardwick*, 980 F.3d 733 (the *factual allegations* are controlling; not the ultimate disposition).

Judge Lorenz's dismissals of both cases on the ground that all claims were compulsory to the pending Utah Litigation. The TAC's first and fifth causes of action (unlawful and unfair business practices and unpaid wages and expenses, respectively) have already been litigated and dismissed in the 2018 Litigation. While the TAC's second, third, and fourth causes of action (unfair competition, fraud, and false promises, respectively) have not been explicitly raised in the 2018 and 2019 Litigations, these claims involve identical factual allegations at issue in the 2018 and 2019 Litigations, including: Plaintiff was not paid for work; Defendants subjected Plaintiff to sexual harassment during the work relationship; Defendants retaliated against Plaintiff for her complaints; Defendants sabotaged contract negotiations; and Plaintiff received unequal pay to her male counterparts. The Court has already held that dismissal of claims involving these factual allegations is proper because the claims arise from the same transaction or occurrence[8] as claims being litigated in the pending Utah Litigation, i.e., the parties' work relationship. *See* 2018 Litigation Docket, Docs. 22, 34; 2019 Litigation Docket, Docs. 18, 25; *see also Yanaki*, 116 P.3d at 963-65 (employee's discrimination claims were compulsory counterclaims that should have been filed in employer's earlier-filed action, as employment relationship was the transaction or occurrence that was the subject matter of the employer's claims). Issue preclusion prohibits relitigation of the compulsory counterclaim issue argued and decided in the 2018 and 2019 Litigations, such that the Court will not permit litigation to be maintained on the

---

[8] In the 2018 Litigation's district court dismissal order and the 2019 Litigation's Ninth Circuit order on appeal, the Court applied Utah law as to the question of whether Plaintiff's claims are compulsory counterclaims. *See* 2018 Litigation Docket, Doc. 22; 2019 Litigation Docket, Doc. 25. Accordingly, the Court is inclined to follow Utah law. *See Pochiro*, 827 F.2d at 1249; *see also Just in Time Supplier, Inc. v. Sioux Honey Ass'n Coop.*, 2018 WL 2981179, at *3 (S.D. Cal. June 14, 2018); Utah R. Civ. P. 13(a)(1) (stating "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (a)(1)(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (a)(1)(B) does not require adding another party over whom the court cannot acquire jurisdiction.".)

first, second, third, fourth, or fifth causes of action. *Hardwick*, 980 F.3d at 740. Accordingly, the Court will now turn to whether Plaintiff's sixth and seventh causes of action state a claim for relief.

### ii.   Defamation Claim

Plaintiff's sixth cause of action alleges a violation of California Civil Code § 44. (Doc. 127 at 17-18.) California Civil Code § 44 provides that defamation is effected by either libel or slander. Cal. Civ. Code § 44 (West). "Defamation requires the intentional publication of a false statement of fact that has a natural tendency to injure the plaintiff's reputation or that causes special damage." *Burrill v. Nair*, 217 Cal. App. 4th 357, 383 (2013). The elements of a defamation claim include: (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage. *Wong v. Jing*, 189 Cal. App. 4th 1354, 1369 (2010).

The TAC alleges that "Defendants directly made statements [that] injured Plaintiff's business interests, exposed her to ridicule, contempt, shame, and they directly discouraged a business relationship to not associate with Plaintiff." (Doc. 127 at 17.) The TAC states "Defendants lied to university partners directly harming Plaintiff's reputation and money earning ability." (*Id.*) Other than the foregoing vague and conclusory statements, the complaint fails to describe how Defendants made a defamatory statement, and whether any statements were in fact published. (*See* Doc. 127 at ¶¶ 11, 24, 54, 56-67). Thus, the Court concludes Plaintiff's complaint fails to sufficiently plead a cause of action pursuant to California Civil Code § 44.

### iii.   RICO Claim

Plaintiff's seventh cause of action alleges a RICO claim. (Doc. 127 at 18-19.) Defendants contend the RICO claim sounds in fraud, and does not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) such that it must be dismissed. (Doc. 119-1 at 30-31.)

Under RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to

conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt." 18 U.S.C. § 1962(c). "To state a claim under § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc)). "A 'pattern' requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). "'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice." *Sanford*, 625 F.3d at 557 (citing *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004)).

The TAC alleges Defendants and one of her business contacts, Mr. Hernandez, and "Jane Doe" acted in concert to defraud Plaintiff. (*See* Doc. 127 at ¶¶ 7, 70-80.) The TAC states "[t]he 18-month relationship revealed Defendants used tactics such as bribery, conspiracy, theft of Plaintiff's signature, wire fraud (U.S.C. § 1343) [sic], false promises, fraud, pandering, theft of services, theft by false pretenses, presentation of false/fraudulent claims in Utah, generally fraudulent conduct, and conspiracy to defraud Plaintiff of a lot of money due." (*Id.* at ¶ 75.) Plaintiff pleads that, "Defendants conspired with the Universities who engaged in constructive fraud to keep Plaintiff out of CPT Universities that Plaintiff needs." (*Id.* at ¶ 74.)

Rule 9(b) "requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting FED. R. CIV. P. 9(b)). "To avoid dismissal for inadequacy under Rule 9(b), the complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (internal quotation marks omitted). Here, Plaintiff fails to identify any fraud with specificity. Therefore, the RICO claim is dismissed for failure to meet the heightened Rule 9(b) standards. *Sanford*, 625 F.3d at 557 (affirming dismissal of RICO claim, in part, when plaintiff failed to specify

any telephone calls subject to the claim of wire fraud).

C.   Motion for Leave to File Fourth Amended Complaint

As outlined above, Plaintiff seeks to add nine new claims and three new Defendants. (Doc. 128.) Defendants oppose Plaintiff's Motion for Leave arguing Plaintiff is merely attempting to relitigate claims that have already been dismissed or should have been asserted as counterclaims in the Utah Litigation. (Doc. 134 at 12-15.) Defendants contend Plaintiff's repeated failed complaints show that the defects cannot be cured, and, therefore, any further amendment would be futile. (*Id.* at 15-16.) Plaintiff replies that "[she] has divisible contracts with equitable remedies [and] . . . has the right to be heard on the merits of her equitable remedies." (Doc. 143 at 3.) Plaintiff contends the Second Agreement is controlling, despite the Utah Court's decision ruling that the Third Agreement is the final, binding contract between the parties. (*Id.* at 3-4.) Finally, Plaintiff contends that her claims should be allowed to proceed in this Court since Utah is not allowing her to assert counterclaims. (*Id.* at 6, 8.)

When determining whether to grant leave to amend, courts generally consider five factors, known as the *Foman* factors as stated by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors include: (1) undue delay; (2) bad faith on the part of the party seeking leave to amend; (3) undue prejudice to the non-moving party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. *Id*. The Ninth Circuit has held that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis omitted). In *Parents for Privacy v. Barr*, 949 F.3d 1210, 1239 (9th Cir. 2020), the Ninth Circuit affirmed a district court's denial of leave to amend on futility grounds reasoning "[t]he problem with Plaintiffs' complaint, however, is not the sufficiency of their factual allegations" but "[r]ather . . . Plaintiffs' legal theories fail." *Id.* There, "[a]mending the complaint [would] not change, for example, the extent of the rights

that are protected." *Id.*

Here, Plaintiff originally filed this case on February 19, 2020. (Doc. 1.) Thus, the case has been ongoing for over two years but remains in the pleading stage—despite Plaintiff's notice that claims in the 2018 and 2019 Litigations were compulsory to the Utah Litigation. This delay is further compounded by the fact that there have been over 232 filings in this case to date, many of which include Plaintiff's action of improperly filing and subsequently withdrawing documents, improperly "supplementing" previous filings, and improperly initiating communications and lodging documents to the undersigned's efile email address. Further, this is Plaintiff's fifth attempt to amend the complaint: (1) initial complaint filed February 19, 2020; (2) first amended complaint filed March 6, 2020; (3) second amended complaint filed August 13, 2020, which was subsequently withdrawn by Plaintiff; and (4) third amended complaint filed November 30, 2020. (*See* Docs. 1, 8, 13, 53, 56, 127.) This repeated failure to cure deficiencies by previous amendments, by itself, warrants denial of further leave to amend. *Telesaurus VPC, LLC*, 623 F.3d at 1003.

Regardless of the title of her claims for relief or the laws under which they are brought, the new defendants and claims Plaintiff seeks to add arise from the business relationship between Plaintiff and HMS and the previous litigations that have been dismissed by Judge Lorenz. All of her new claims arise out of the same transactions, occurrences, and relationship between Plaintiff and Defendants that have been at issue in previous lawsuits. First, the three equitable contract-based claims Plaintiff seeks to add in the fourth amended complaint (i.e., the first, second, and third causes of action) stem from the contractual relationship between Plaintiff and HMS at issue in the 2018 and 2019 Litigations. (*See* Doc. 128-1 at ¶¶ 31, 39, 42-45.) Second, the three new claims based on California state anti-discrimination law (i.e., the eleventh, twelfth, and thirteenth causes of action), rely upon the same factual allegations that were subject to dismissal in the 2019 Litigation. (*See* Doc. 128-1 at 35-38; *see also* 2019 Litigation Docket, Doc. 25.) Third, Plaintiff's fourteenth, fifteenth, and sixteenth claims allege actions taken by Defendant HMS in connection with the parties' business relationship, which would again be

1  compulsory counterclaims to the pending Utah Litigation. (Doc. 128-1 at 25 ¶¶ 197-232);
2  *see supra* pp. 9-13.  In sum, all new claims are duplicative of issues already raised in the
3  2018 and 2019 Litigations.  As to all remaining claims in Plaintiff's fourth amended
4  complaint, they fail for the same reasons as stated above in granting Defendant's motion
5  to dismiss Plaintiff's TAC.  For the reasons stated above, Plaintiff's Motion for Leave to
6  File Fourth Amended Complaint is **DENIED**.  In light of the Court's ruling above,
7  Plaintiff's Motion for Leave to File Fifth Amended Complaint is **DENIED AS MOOT**.
8  / / /
9  / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV.   CONCLUSION

For the reasons above:

1. Plaintiff's Motion to File Supplemental Authority (Doc. 193) is **GRANTED**.
2. Defendants' Motion to Dismiss (Doc. 119) is **GRANTED**, and Plaintiff's claims are dismissed **WITH PREJUDICE**.
3. Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. 128) is **DENIED**.
4. Plaintiff's Motion for Leave to File Fifth Amended Complaint (Doc. 212) is **DENIED AS MOOT**.
5. Plaintiff's Motion for Special Master (Doc. 192) is **DENIED**.
6. The Clerk of Court is **INSTRUCTED** to not accept any further filings, except a motion for reconsideration or notice of appeal.  Accordingly, the Parties are **CAUTIONED** that no further filings will be accepted in this case, except a motion for reconsideration or notice of appeal.  The Court takes Defendants' motion for relief from vexatious litigant (Doc. 228) under submission and will issue an order in due course.  Supplemental briefing on the motion for vexatious litigant may not be filed without leave of Court, unless there is a subsequent change in binding law that is directly on point.  *See* Montenegro Civil Chamber Rules, Section III(D).

**IT IS SO ORDERED**.

DATE:  November 25, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE