UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA,<br><br>Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, et al.<br><br>Defendants. | Case No.: 3:20-cv-00321-RBM-KSC<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 237);**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AS MOOT (Doc. 239)**<br><br>**[Docs. 237, 239]** |

On November 25, 2022, the undersigned issued an order ruling on various motions, including granting a motion to dismiss Plaintiff's third amended complaint (Doc. 127) ("TAC") filed by Defendants Howell Management Services ("HMS") and Chris Howell ("Howell") (collectively "Defendants"). (Doc. 234.) The same day, Plaintiff Aparna Vashisht-Rota ("Plaintiff") appearing pro se, filed a notice of appeal. (Docs. 235, 236.) On November 28, 2022, Plaintiff filed two separate motions for reconsideration: (1)

1

Plaintiff's Motion to Reconsider Docket 227[1] ("First Motion"); and (2) Plaintiff's Motion to Reconsider Docket 238 pursuant to Federal Rule of Civil Procedure 60(b) ("Second Motion"). (Docs. 237, 239.)

### I. First Motion

As to the First Motion, Plaintiff seeks reconsideration of the Court's minute order dated November 10, 2022 (Doc. 227). The minute order states

> Section III(D) of this Court's Civil Chamber Rules provides as follows: "Sur-replies and notices of supplemental authority may not be filed without leave of Court, unless there is a subsequent change in binding law that is directly on point. Under these circumstances, the party may file a notice of supplemental authority that includes a copy of the order or opinion and any case-identifying information. Counsel may not include any argument in the notice." Plaintiff nevertheless continues to file notices of supplemental authority without leave of court, despite there being no change of binding law relevant to any pending motion. (See, e.g., Docs. 215, 216, 217, 218, 222, 223, 224.) Plaintiff is ordered to cease filing additional supplemental authority without express leave of Court. Additionally, Plaintiff is cautioned that this Court will adhere strictly to its Civil Chamber Rules, and may strike from the record any document filed improperly and contrary to Civil Chamber Rule III(D). IT IS SO ORDERED.

(Doc. 227.) Plaintiff alleges she "needs [Docs.] 215, 216, 217, and 218 for her appeal given the grant of [Docket] 193." (Doc. 237 at 1.)

Plaintiff's supplemental authority consists of the following:

Doc. 215: As outlined in the Court's November 25, 202 order, Defendants and Plaintiff are presently litigating claims in Utah state court ("Utah Action"). Plaintiff seeks to supplement the record with the Utah Court of Appeals' November 1, 2022 decision dismissing Plaintiff's interlocutory appeal and her November 3, 2022 petition for rehearing.

Doc. 216: Plaintiff seeks "public certification" that Utah is dangerous for women experiencing harassment and she includes various emails to the California Attorney General's Office as an exhibit.

---

[1] Although the caption states "Plaintiff's Motion to Reconsider Dkt 215," the body of the motion seeks reconsideration of the Court's minute order at Docket 227.

Doc. 217: Plaintiff provides Google Drive hyperlinks to all files from the pending Utah Litigation.

Doc. 218: Plaintiff submits various exhibits in support of her Fifth Amended Complaint.

As a preliminary matter, the Court's November 27, 2022 minute order did not rule upon any pending motion and it did not expressly strike any document from the record. Rather, the Court issued the order for docket management and to caution Plaintiff that her supplemental filings failed to comply with the undersigned's Civil Chamber Rules. Given that there is no Court order striking Plaintiff's filings (Docs. 215, 216, 217, and 218) from the docket, the Court finds no basis to reconsider its November 27, 2022 minute order. Accordingly, Plaintiff's First Motion (Doc. 237) is **DENIED**.

## II.  Second Motion

Plaintiff's Second Motion seeks reconsideration of Clerk's Judgment entered at Docket 238. (Doc. 238.) Plaintiff claims it is "erroneous as to the Defendants 'Attorney General Utah' and 'Angela F. Fonnesbeck.'" (*Id.* at 1.) The Clerk has entered an amended judgment to remove reference to Defendants Attorney General Utah and Angela F. Fonnesbeck.[2] (*See* Doc. 238.) In light of the Clerk's amended judgment, it appears there are no further issues for reconsideration. Accordingly, Plaintiff's Second Motion (Doc. 239) is **DENIED AS MOOT**.

For the reasons above, Plaintiff's Motion to Reconsider Docket 227 (Doc. 237) is **DENIED** and Plaintiff's Motion to Reconsider Docket 238 (Doc. 239) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE:  November 29, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] The docket reflects that the original Docket 238 has been replaced on November 29, 2022.