**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APARNA VASHISHT-ROTA,<br><br>Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, et al.<br><br>Defendants. | Case No.: 3:20-cv-00321-RBM-KSC<br><br>**ORDER RE:**<br><br>**(1) PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 244);**<br><br>**(2) PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 245)**<br><br>**(3) PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO CONFIRM AAA AWARD (Docs. 247, 248)**<br><br>**(4) PLAINTIFF'S DECEMBER 26, 2022 MOTIONS FOR LEAVE TO FILE ADDITIONAL MOTIONS, EXHIBITS, AND/OR SUPPLEMENTAL AUTHORITY (Doc. 252-256, 258)**<br><br>[Docs. 244, 245, 247, 248, 252-256, 258] |

On November 25, 2022, the undersigned issued an order ruling on various motions,

1

including granting a motion to dismiss Plaintiff's third amended complaint (Doc. 127) ("TAC") filed by Defendants Howell Management Services ("HMS") and Chris Howell ("Howell") (collectively "Defendants").  (Doc. 234.)  The same day, Plaintiff Aparna Vashisht-Rota ("Plaintiff") appearing pro se, filed a notice of appeal.  (Docs. 235, 236.) Plaintiff has since filed several "motions for reconsideration" and various supplemental briefings related to pending motions, including Defendant's motion for relief from vexatious litigant (Doc. 228) and Plaintiff's motion to strike Defendant's motion for relief from vexatious litigant (Doc. 230).

## I.   December 9, 2022 "Motion for Reconsideration" (Doc. 244)

Plaintiff's December 9th "motion for reconsideration" does not seek reconsideration of any ruling.  Rather, it requests the following: (1) clarification of the Court's December 9, 2022 minute order[1] (Doc. 243), in that Plaintiff contends she also has a motion to strike which is pending; (2) motion to stay Defendant's motion for relief from vexatious litigant pending her appeal of the Court's November 25, 2022 order; and (3) motion for leave to file a sur-reply to her response in opposition to Defendant's motion for relief from vexatious litigant.  (Doc. 244.)

Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's motion is granted to the extent that the Court takes Plaintiff's motion to strike (Doc. 230) under submission and it stays its ruling on Defendant's motion for relief from vexatious litigant (Doc. 228) and Plaintiff's motion to strike Defendant's motion for relief from vexatious litigant (Doc. 230) pending Plaintiff's appeal of the Court's November 25, 2022 order.  Plaintiff's motion is denied without prejudice to the extent that Plaintiff requests leave to file a sur-reply to her response in opposition to Defendant's motion for relief from

---

[1] The minute order states, "[t]he Court's November 25, 2022 order (Doc. 234) instructed the Clerk to accept no further filings except a motion for reconsideration or notice of appeal.  However, Defendant[']s motion for relief from vexatious litigant (Doc. 228) is pending, and a reply brief from Defendants may be accepted for filing."

vexatious litigant (Doc. 229), as Plaintiff's motion for leave provided no basis as to why a sur-reply is warranted.

## II. December 10, 2022 "Motion for Reconsideration" (Doc. 245)

Plaintiff's December 10th "motion for reconsideration" does not seek reconsideration of any ruling. Rather, it requests leave to file an exhibit to Plaintiff's opposition to Defendant's motion for relief from vexatious litigant (Doc. 229). Given that the Court stays its ruling on Defendant's motion for relief from vexatious litigant (Doc. 228) and Plaintiff's motion to strike Defendant's motion for relief from vexatious litigant (Doc. 230) pending the appeal, any further briefing, exhibits, and supplemental authority on the pending motions is premature. Accordingly, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## III. December 24, 2022 Motion for Leave to File Motion to Confirm AAA Award (Docs. 247, 248) and December 26, 2022 Motions (Docs. 252-256, 258)

On December 24, 2022, Plaintiff filed a motion for leave to file a motion to confirm AAA award, apparently in an attempt to respond to Defendant's motion for relief from vexatious litigant. (*See* Docs. 247-248.) On December 26, 2022, Plaintiff also filed seven motions for leave to file additional motions and/or supplemental briefing including a "motion with HMS alleged damages from Utah" (Doc. 252), a motion regarding "extortion claim support" (Doc. 253), a general request for leave to file documents relating to Defendant's motion for relief from vexatious litigant (Doc. 254), a request for leave to file "Alliant pending discovery" (Doc. 255), a request for leave to file her petition for rehearing before the United States Supreme Court (Doc. 256), and a motion raising an "additional point missed" in Defendant's reply brief (Doc. 246) in support of its motion for relief from vexatious litigant (Doc. 258). On December 26, 2022, Plaintiff also filed a "recap of her filings" at Docket Numbers 244–256. (Doc. 257.) Given that the Court stays its ruling on Defendant's motion for relief from vexatious litigant (Doc. 228) and Plaintiff's motion to strike Defendant's motion for relief from vexatious litigant (Doc. 230) pending the appeal,

any further briefing, exhibits, and supplemental authority on the pending motions is premature. Accordingly, Plaintiff's motions (Docs. 247, 248, 252-256, 258) are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that any further briefing, exhibits, and/or supplemental authority on Defendant's motion for relief from vexatious litigant (Doc. 228) and Plaintiff's motion to strike Defendant's motion for relief from vexatious litigant (Doc. 230) are held in abeyance pending the appeal of the Court's November 25, 2022 order.

**IT IS SO ORDERED**.

DATE: December 27, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE