UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aparna VASHISHT-ROTA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-0321-AGS-KSC<br><br>**ORDER DENYING PLAINTIFF'S RECONSIDERATION MOTION (ECF 263), STRIKING FILING (ECF 318), AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE (ECF 319)** |

　　　　This Court previously dismissed all plaintiff Aparna Vashisht-Rota's claims with prejudice and ordered her to file nothing further "except a motion for reconsideration or notice of appeal." (ECF 234, at 18.) Since then, Vashisht-Rota has docketed five filings styled as "motions for reconsideration." (*See* ECF 237, 239, 244, 245, 263.) The Court found "no basis to reconsider" the first (ECF 240, at 3 (denying ECF 237)); no "issues for reconsideration" in the second (*id.* (denying ECF 239)); and that the third and fourth did "not seek reconsideration of any ruling" (ECF 259, at 2–3 (denying ECF 244, 245)). This motion (ECF 263) is the fifth and final of the series, and it is similarly unavailing.

　　　　Although Vashisht-Rota categorized this filing on the docket as a "motion for reconsideration," she does not identify any previous order she would like reexamined. Rather, the motion explores novel legal theories and arguments seeking apparently new relief—for the Court to "void" judgments entered against her by a Utah state court, on the strength of a California labor statute that has been in place for years. (*Id.* at 15.)

　　　　Even if that were possible, reconsideration motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Setting aside that Vashisht-Rota has identified no previous ruling on which this motion should operate, she has presented no "newly discovered evidence," no intelligible argument that the court "committed clear error," and no proof of "an intervening change in the controlling law." *Id.* The reconsideration motion (ECF 263) is therefore **DENIED**. To the

extent her motion is construed as anything other than one for reconsideration, it is denied for having been filed in contravention of the Court's order. (*See* ECF 234, at 18.)

Additionally, the Clerk is **DIRECTED** to strike, and the Court will disregard, the purported "amended complaint" Vashisht-Rota recently filed without leave. (*See* ECF 318; Fed. R. Civ. P. 15(a)(2).) Defendants' motion to strike that filing (ECF 319) is **DENIED AS MOOT**. The Court has repeatedly cautioned Vashisht-Rota that no additional filings would be accepted in this matter. (*See* ECF 234, at 18; ECF 238, at 1; ECF 243; ECF 302, at 2 ("Until the Court directs otherwise, all other filings in this case—regardless of how styled—will be disregarded and stricken.").) That order still stands. Moreover, no further hearing dates will be given to Vashisht-Rota for motions in this closed case, since none would be heard anyway.

Vashisht-Rota has already appealed this Court's order dismissing all her claims with prejudice. (*See* ECF 235.) The Ninth Circuit affirmed (*see* ECF 265) and denied reconsideration (*see* ECF 306). This ruling resolves the matter's last outstanding merits issue. If defendants wish to renew their motion for relief from vexatious litigation (*see* ECF 228, 305), any renewed motion must be filed by May 3, 2024. Other than a single response brief opposing any such motion—of no more than 25 pages in length (*see* CivLR 7.1(h))—no further filings from Vashisht-Rota will be entertained in this closed case.

Dated:  February 21, 2024

_____
Andrew G. Schopler
United States District Judge