UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aparna VASHISHT-ROTA,<br><br>         Plaintiff,<br>v.<br>HOWELL MANAGEMENT SERVICES, et al.,<br><br>         Defendants. | Case No.: 20-cv-0321-AGS-KSC<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION TO STRIKE** |

  Plaintiff Aparna Vashisht-Rota recently emailed the Court seeking leave to file a motion to strike parts of a declaration supporting defendants' motion for vexatious-litigation relief (ECF 330). That request is denied.

  "The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Pleadings" consist only of complaints, answers, and a reply to an answer, "if the court orders one." Fed. R. Civ. P. 7(a). "Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (finding "error in the trial court's order striking the plaintiff's motion"); *see also Olson v. Bynum*, No. 2:20-cv-2481-TLN-KJN PS, 2021 WL 6000012, at *1 (E.D. Cal. Dec. 20, 2021) (noting that motions to strike "cannot be used to strike an affidavit or declaration, as these are not pleadings"); *Holyoak v. United States*, No. CV 08-8168-PHX-MKM, 2009 WL 1456742, at *1 (D. Ariz. May 21, 2009) ("Rule 12(f) cannot serve as the procedural vehicle for striking language in motion papers."). Since filing any such motion would be futile, the Court denies plaintiff the requested leave. In her (already filed) opposition briefing, plaintiff was free to argue against the consideration of any opposing evidence.

  Regardless, the Court is not inclined to grant leave for any more discretionary filings. In its February 21, 2024 order, the Court mandated: "Other than a single response brief opposing [defendants' vexatious-litigation] motion—of no more than 25 pages in length

1

(*see* CivLR 7.1(h))—no further filings from Vashisht-Rota will be entertained in this closed case." (ECF 321, at 2.) Yet, to date, she has docketed no fewer than ten filings (consisting of nearly 3,000 pages, with exhibits) purporting to oppose that motion. (*See* ECF 332, 334, 336, 337, 338, 339, 340, 341, 343, 344.) So, the Court will not permit any additional briefing on this matter, and in fact may disregard any of the already-submitted filings that exceed the Court's previously announced limit.

Dated: May 15, 2024

Andrew G. Schopler
United States District Judge