UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aparna VASHISHT-ROTA,<br><br>                Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, et al.,<br><br>                Defendants. | Case No.: 20-cv-0321-AGS-KSC<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT (ECF 330)** |

      Defendants seek sanctions against plaintiff Dr. Aparna Vashisht-Rota for "swamp[ing] the courts with lawsuits, meritless filings, and a flood of improper correspondence to endlessly relitigate losing arguments and torment Defendants." (ECF 330-1, at 7.) They request both $300,000 in monetary sanctions and a pre-filing bar "to put an end to Plaintiff's endless abuse of the judicial process." (*Id.*) The Court concludes that a pre-filing bar, along with revoking Vashisht-Rota's e-filing privileges, is both necessary and sufficient to address her ongoing misbehavior. Accordingly, the motion for monetary sanctions is denied.

      "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "[S]uch pre-filing orders are an extreme remedy that should rarely be used" because "such sanctions can tread on a litigant's due process right of access to the courts." *Id.* But the Court must also safeguard against "flagrant abuse of the judicial process," which would enable "one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (cleaned up).

      With these concerns in mind, the Ninth Circuit has "outlined four factors for district courts to examine before entering pre-filing orders": (1) "the litigant must be given notice and a chance to be heard before the order is entered"; (2) "the district court must compile an adequate record for review"; (3) "the district court must make substantive findings about

1

the frivolous or harassing nature of the plaintiff's litigation"; and (4) "the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered." *Id.* (cleaned up).

## A. Notice and Chance To Be Heard

First, Vashisht-Rota has been provided both notice of this sanction and many, many chances to be heard. This is the second vexatious-litigant motion in this action. In 2022, before this case was reassigned to the current judge, defendants moved for vexatious-litigant relief. (ECF 228.) While the case was on appeal, this Court denied that motion without prejudice, allowing for an "updated filing after the appeal concludes." (ECF 305, at 1; *see also* ECF 321, at 2.) This latest motion followed. (ECF 330.) Even ignoring all her responses to the first vexatious-litigant motion, Vashisht-Rota filed 14 separate purported responses to the current motion, though some were later withdrawn. (*See* ECF 332; 334; 336; 337; 338; 339; 343; 348; 349; 350; 351; 352; 353; 354.) Of those, only a single response and a sur-reply were permitted. *See* CivLR 7.1; (ECF 358 (allowing a single sur-reply)). There is no question that Vashisht-Rota had notice and an opportunity to be heard.

## B. Adequate Record

The second requirement—a sufficient record of misconduct—is also met. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id.* In considering whether to declare her a vexatious litigant, the Court has considered Vashisht-Rota's seven related cases in this Court. *See Vashisht-Rota v. Howell Management Services*, 18-cv-2010-L-AGS; *Vashisht-Rota v. Howell Management Services*, 19-cv-0512-L-AGS; *Vashisht-Rota v. Howell Management*, 20-cv-0321-AGS-KSC (this case); *Vashisht-Rota v. Harrisburg University*, 20-cv-0967-AGS-KSC; *Vashisht-Rota v. Ottawa University*, 20-cv-0959-AGS-KSC; *Vashisht-Rota v. Bluechip Services*, 22-cv-0900-AGS-KSC;

2

*Vashisht-Rota v. Utah Attorney General*, 22-cv-0978-AGS-KSC. All these suits arise either directly or indirectly from the same short-lived employment relationship with defendants here. Vashisht-Rota has lost all seven cases, either substantively or as a sanction, though a few linger on appeal. The Court has also considered, and takes judicial notice of, orders in the proceedings before the Utah State courts. (*E.g.*, ECF 64-1; 215-6; 319-2); *see* Fed. R. Evid. 201(b)(2).

Vashisht-Rota's long history of violating this Court's orders is well-documented. (*See* ECF 366, at 7 ("The sheer number of admonishments, reminders, and warnings given to Vashisht-Rota leave no doubt that she willfully chose to ignore the Court's order more than 100 times. And Vashisht-Rota has a long history of violating court orders in these cases.").) And even after she suffered sanctions and the dismissal of one of her other cases for violating an order limiting her communications with this Court, Vashisht-Rota kept violating that order to the point that this Court was forced to funnel all her email communications into a junk folder. (*See* ECF 367, at 2 (noting "102" additional willful violations).) In the month since, a survey of the Court's junk folder revealed over 100 additional violations by means of inappropriate communications with the Court.

And the record gets worse. Consider Vashisht-Rota's baseless filings, which necessarily put "the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay." *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990). In this case alone, nearly half of the 370 docket entries are stricken, withdrawn, or unauthorized and inappropriate supplemental filings (34 of the last 70 docket entries fit into one of those categories). (*See* ECF 300–01; 303–04; 308–12; 314–15; 318; 328; 331–32; 334; 336–41; 343; 345; 349–50; 352–55; 360; 362–64.) This pattern holds for some of her other cases as well. *See, e.g.*, *Vashisht-Rota v. Utah Att'y Gen.*; 22-cv-0978-AGS-KSC (24 of the last 50 docket entries are inappropriate filings). This data encompasses *all* docket entries, including proper court actions and defense filings. If we focus solely on entries Vashisht-Rota initiated, the percentage of inappropriate filings skyrockets.

Nor is this Court the only one to make a voluminous record of her abusive and harassing conduct. A Utah state court created a ten-page table of Vashisht-Rota's emails that harass or defame the same defendants as in this case. (*See* ECF 319-2, at 15–25; *see also id.* at 33 (noting Vashisht-Rota "embarked on a campaign of sending thousands of emails to" the same defendants, "clearly intended to harass, annoy, threaten, intimidate, abuse, [or] frighten").) The state court also made a record of "intentional, willful and persistent disregard of Court orders." (*Id.* at 27.) In total, the state court documented "9,800 emails from Rota" sent to defendants, counsel for defendants, and "Court personnel." (*Id.* at 34.) Finally, that court noted several vexatious-litigant orders Vashisht-Rota already faced for misbehavior before various courts. (*Id.* at 30.) In affirming one of those vexatious-litigant orders, the Utah Court of Appeals, "in reliance upon the findings" of the trial court, imposed the same "filing restrictions" on Vashisht-Rota for the appellate proceedings. *Vashisht-Rota v. Howell Mgmt. Servs.*, 503 P.3d 526, 533 (Utah Ct. App. 2021).

To put it mildly, there is an overwhelming record of Vashisht-Rota's vexatious activities that were both "numerous" and "abusive." *See De Long*, 912 F.2d at 1147.

## C.     Frivolous or Harassing Nature of Litigation

But being "merely" "litigious" by itself cannot support a vexatious-litigant order. *Molski*, 500 F.3d at 1059 (cleaned up). The issues "must not only be numerous, but also be patently without merit" or designed to harass. *Id.* (cleaned up). Vashisht-Rota has met this third ignominious prerequisite as well.

Her inappropriate communications to this Court were rife with irrelevant, harassing, and sometimes nonsensical ramblings. As documented in prior orders, these emails ran the gamut from "discussing her uncle," to "the British royals," "and even to pop star Taylor Swift's age." (ECF 361 & 317.) But that barely scratches the surface of the frequently scandalous, and always inappropriate, content of the hundreds of unauthorized messages. A small sampling suffices. In an email from only a few days ago, Vashisht-Rota referred to one of the defendants as "mega creepy" and a "pedigreeless, white trash fool." In many

other emails to the Court, she called him "unmanly," "profoundly unattractive," a "pimp," or a "sex worker." In several messages, Vashisht-Rota also confusingly accuses this defendant of "beat[ing] her to death." And her opponents aren't the only ones Vashisht-Rota turns her ire upon. In one email to this Court, she wrote, "Mormons are known to be immoral so that is why [Utah] Judge Fonnesbeck didn't let me add my harassment claims from CA."[1]

Not all these emails are vitriol. They often just devolved into time-wasting frivolousness. For instance: "[G]ossip girl is the worst show I have ever seen. Columbo or bust. I was watching that for the past week and I could not watch a show for 2 days, I was in so much shock." It's worth recalling that each one of these hundreds of emails, in addition to being substantively frivolous, violated both the local rules and court orders. *See* CivLR 83.9; (*see also* ECF 335 & 366).

Much like her emails, many of Vashisht-Rota's court filings are baseless or harassing. This case's docket shows 48 filings that were stricken for lacking merit or violating court orders. For instance, in the middle of this case's docket, she filed a frivolous "notice of removal" to this Court for a closed Utah case. (*See* ECF 333.) Another example: She asked this Court to appoint a "special master" to take over one of her Utah state cases, without citing any authority allowing this Court to commandeer state proceedings by way of the special-master rule. (*See* ECF 192; *see also* ECF 234 (denying the request).) A

---

[1] This Court will not attempt to exhaustively catalog the abusive emails Vashisht-Rota sent to other parties during this suit. Suffice to say, they are of a piece with the frivolous and harassing nature of her litigation tactics. For example, from an email only 10 months ago: "To racist [Utah judge] Karen Fonnesbeck: May all the retardation you gave my kids, you get that. May you get a loathsome disease like cancer for the cancer of a sexual predator that she sent me to harass me out of my share, and may her husband cheat on her constantly. . . . **IT IS SO ORDAINED**." (ECF 330-7, at 2; *see also* ECF 319-2, at 76–77 (Utah state court judge setting out a table listing, for example, "approximately 700" times Vashisht-Rota called defendants "pimps" in emails or "[a]pproximately 209" times calling them "sexual predators").)

significant percentage of her extremely voluminous filings have likewise been meritless or outright frivolous. (*See* ECF 321, at 1 (noting that, after dismissal, Vashisht-Rota "docketed five filings styled as 'motions for reconsideration,'" the first had "no basis to reconsider," the second had "no issues for reconsideration," the "third and fourth did 'not seek reconsideration of any ruling,'" and the fifth was "similarly unavailing").) Vashisht-Rota's excuse for this rampant misbehavior is equally telling: "Plaintiff is bored and is trying out filings." (ECF 229, at 14.)

A court might be tempted to excuse some of these litigation misdeeds if Vashisht-Rota's cases were righteous, but her suits are often objectively frivolous. This lawsuit is a prime example: In most of her claims, she tilted at a windmill she'd lost twice before. (*See, e.g.*, ECF 234, at 11–13 (dismissal order setting out the prior history and holding that "[i]ssue preclusion prohibits relitigation of the compulsory counterclaim issue argued and decided in the 2018 and 2019 Litigations").) The only other two causes of action brought in this case were so flimsy that they did not survive a motion to dismiss, despite repeated opportunities to amend her complaint. (*Id.* at 13–15.) When she appealed the final dismissal order, the Ninth Circuit summarily affirmed, concluding that "the questions raised in this appeal are so insubstantial as not to require further argument." (ECF 265, at 1.) Nor would this be the last time she attempted to sue these defendants in this Court, losing yet another suit against them because she was attempting to litigate claims on behalf of "August Network, LLC" in her pro se capacity. *See Vashisht-Rota v. Bluechip Servs.*, No. 3:22-cv-00900-RBM-KSC, 2023 WL 1116527, at *3 (S.D. Cal. Jan. 30, 2023), *appeal dismissed*, No. 23-55203, 2023 WL 5676330 (9th Cir. Mar. 30, 2023) ("As a pro se litigant, Plaintiff cannot litigate claims on behalf of August Network, LLC."). This is to say nothing of the fact that she brought, and lost, similar claims against these same defendants in Utah. (*See generally* ECF 319-2, at 40.)

She also frivolously sued a judicially immune Judge Fonnesbeck in this Court and, during that case, made virtually no attempt to show how this Court would have personal jurisdiction over that judge. *See Vashisht-Rota v. Utah Att'y Gen.*, No. 22-CV-0978-AGS-

KSC, 2024 WL 3929873, at *3 (S.D. Cal. Aug. 23, 2024) (holding "judicial immunity bars all claims against Judge Fonnesbeck" and that her "claims stem from two suits filed in Utah, assigned to Utah-based Judge Fonnesbeck, and ruled upon in Utah," which did not suggest "the judge purposefully availed herself of California's forums, residents, or laws"). Only one of her seven suits in this Court made it past the early motion-to-dismiss stage. And even that lone case was later dismissed due to Vashisht-Rota's "willful, intentional, and" "bad faith" misconduct. (ECF 366, at 2.)

Finally, there is a long history of judges finding that Vashisht-Rota's litigation tactics are the product of bad faith, harassment, and an intent to grind down her opponents rather than see justice done. (*See* ECF 319-2, at 51 (Utah trial court holding her "lawsuits" against these defendants "have no apparent purpose but to place scandalous allegations against [defendants] on the public records," and her "lawsuits against" others in the defendants' business ambit "were interposed to harass the schools for dealing with [defendants]"); ECF 215-6, at 1 (Utah appellate court dismissing appeal for "improper and at times scandalous content"); ECF 64-1, at 17–18 (different Utah trial court holding Vashisht-Rota in "civil contempt" and finding her "misconduct was willful" and "in bad faith" "to frustrate the judicial process").)

In short, the evidence is overwhelming: most of her litigation tactics were substantively meritless, meant to harass, or both. A vexatious-litigant order is amply justified—and likely overdue.

### D. Tailoring the Vexatious-Litigant Order

The only remaining task, then, is "narrowly tailor[ing]" the vexatious-litigant order "to closely fit the specific vice encountered." *Molski*, 500 F.3d at 1057 (cleaned up). As discussed, Vashisht-Rota's suits and legal positions have often been meritless, and her preferred tactic has been to flood the court and her opponents with frivolous and harassing filings and communications. To narrowly and effectively deter this specific misconduct, the Court enters the following order, which applies to the U.S. District Court for the Southern District of California:

1. Dr. Aparna Vashisht-Rota is declared a vexatious litigant. Her e-filing privileges are revoked, and she is subject to a pre-filing order. She may only file a new suit, or continue an existing one, in conformity with the following restrictions.

2. For each of her previous cases, any future filings (except a notice of appeal) will be rejected. If the Supreme Court or the Ninth Circuit reverses the dismissal of one of her previously filed cases, this future-filing restriction will not apply to that case.

3. If Vashisht-Rota is represented by a licensed attorney authorized to practice in this District, that attorney may file new cases on Vashisht-Rota's behalf without restriction.

4. If Vashisht-Rota is unrepresented, she may not file any new cases in the Southern District of California without leave of court. To obtain such court approval, Vashisht-Rota must file a written request, including:

    a. A copy of the complaint she proposes to file;

    b. A copy of this order;

    c. The following statement in capital letters on the first page of the request: "THIS PLEADING IS SUBJECT TO AN ORDER REQUIRING LEAVE OF COURT TO FILE A NEW ACTION. *SEE* CASE NUMBER 20-cv-0321-AGS-KSC, ECF 372."; and

    d. A declaration from Vashisht-Rota under penalty of perjury that: (1) she has not previously brought a lawsuit arising out of the same facts—or the same transactional nucleus of facts—asserted in the new complaint; or (2) she has previously brought a lawsuit arising out of the same facts—or the same transactional nucleus of facts— asserted in the new complaint, but the relevant claims asserted in the prior lawsuit were not dismissed with prejudice.

5. If Vashisht-Rota requests leave of court in the manner required by paragraph 4 above, the Clerk shall forward Vashisht-Rota's complete written request to a District Judge to determine whether the complaint should be accepted for filing. If the Court

does not grant permission to file the document, in writing, within 30 days of the date of the letter, permission will be deemed denied.

6. If Vashisht-Rota attempts to file a lawsuit pro se without requesting leave of court in the manner described in paragraph 4 above—or if such leave is denied—the Clerk of Court shall not docket any such submission. The Clerk shall advise Vashisht-Rota and all other parties to the suit, in writing, that the submission has not been filed because Vashisht-Rota is not permitted to participate in lawsuits pro se before this Court without receiving advance permission. In such a case, no filing fee shall be accepted.

7. This order applies only to civil actions. If Vashisht-Rota is ever named as a criminal defendant, the restrictions in this order would not apply to that criminal case.

8. These restrictions remain in effect until further Court order. Once two years have passed from the date of this order, Vashisht-Rota may petition to repeal these restrictions. In any such request, she must demonstrate that she has entirely ceased the type of vexatious-litigant practices that are described in this order.

Dated: January 22, 2025

Andrew G. Schopler
United States District Judge